**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LUCIA GONZALES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 4:26-CV-00524** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, the United States of America, files this answer and affirmative defenses to the original complaint filed in the above styled and numbered action, and states as follows:

### PARTIES

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies these allegations.

2. Defendant admits that USA is the proper Defendant for this matter and denies all allegations of fact.

3. Defendant makes no response to the legal conclusions and allegations regarding service.

4. Defendant makes no response to the legal conclusions and allegations regarding service.

5. Defendant makes no response to the legal conclusions and allegations regarding service.

6. Defendant makes no response to the legal conclusions and allegations regarding venue.

7. Defendant denies.

8. Defendant denies Plaintiff's assertion that Texas law is applicable.

## JURISDICTIONAL CONDITIONS PRECEDENT

9. Defendant admits that Plaintiff timely filed her claim with USPS.

10. Defendant admits that Plaintiff timely filed her claim with USPS.

11. Defendant denies.

12. Defendant admits that Plaintiff timely filed her claim with USPS.

13. Defendant admits that Plaintiff timely filed her claim with USPS.

## FEDERAL TORTS CLAIMS ACT

14. Defendant admits scope and denies all other factual allegations.

15. Defendant admits.

16. Defendant makes no response to the legal conclusions and allegations its interpretation of the law, defendant denies liability.

## FACTUAL ALLEGATIONS

17. Defendant admits.

18. Defendant denies liability.

19. Defendant admits.

20. Defendant denies.

## CAUSE OF ACTION

21. Defendant admits.

22. Defendant denies Paragraph 22 and its subparts labeled (a) – (j).

## DAMAGES

23. Defendant denies Paragraph 23 and its subparts labeled (a) – (i).

24. Defendant denies.

## CONCLUSION

In response to the conclusion paragraph of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

As separate and complete defenses hereto, and without waiving any of the above, the United States offers the following:

**Defense 1.**

Plaintiff fails to state a claim upon which relief can be granted.

**Defense 2.**

The United States, through its employees and agents, acted with due care and diligence at all relevant times and violated no legal duty owed to Plaintiff.

**Defense 3.**

If Plaintiff failed to exhaust administrative remedies, which is a prerequisite to suit, then she cannot recover for any claims that she did not provide the agency with facts sufficient to allow the claim to be investigated. 28 U.S.C. § 2675; *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).

**Defense 4.**

The United States is immune from suit, except to the extent the United States waived immunity for tort claims under the Federal Tort Claims Act, which is Plaintiff's exclusive remedy for the tort claims against it.  *See In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251-52 (5th Cir. 2006).

**Defense 5.**

The United States has not waived sovereign immunity under the FTCA for any acts or omissions of its independent contractors.

**Defense 6.**

The United States has not waived sovereign immunity under the FTCA for any intentional torts.

**Defense 7.**

Plaintiff's claims are barred by contributory negligence by failing to exercise ordinary care for her own safety and avail herself of the last clear chance to avoid the alleged injuries. Plaintiff's complaint sets forth injuries that resulted from a danger whose existence and character was fully appreciated by Plaintiff before she voluntarily exposed herself to it.

**Defense 8.**

To the extent that Plaintiff's damages are related to, or consist of, preexisting or subsequent injuries not caused by any of the United States' alleged acts or omissions, any recovery of damages should be denied.

**Defense 9.**

In the event the United States is found to have been negligent, which negligence is denied, Plaintiff's negligence or the negligence of third parties was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced. *See e.g.*, 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*

**Defense 10.**

The United States is not liable for Plaintiff's alleged injuries to the extent that Plaintiff's or another actor's or actors' negligence was an intervening or superseding cause of his alleged injuries.

**Defense 11.**

The United States is not liable for events or conditions not caused by its negligence and/or beyond the reasonable control or foreseeability of the United States to prevent, including but not limited to a sudden emergency or unavoidable accident, and that its employees reacted as any reasonable and prudent person would have reacted under the same or similar circumstances.

**Defense 12.**

The United States is not liable for the negligent acts or omissions, or contributory negligence of third parties, if any.

**Defense 13.**

Negligent acts or omissions by federal employees did not cause the injuries and damages alleged by Plaintiff, including but not limited to Plaintiff's violations of legal

standards and/or negligent acts or omissions, and therefore Plaintiff cannot recover against the United States for Plaintiff's alleged injuries or damages.

**Defense 14.**

Plaintiff's non-economic relief, if any, is limited to an amount not to exceed $250,000 under Tex. CIV. PRAC. & REM. CODE. § 74.301.

**Defense 15.**

The medical treatment claimed by Plaintiff was excessive and unnecessary, and the medical expenses claimed by Plaintiff were unreasonable, unnecessary, and not proximately caused by any act and/or omission of the United States or its employees.

**Defense 16.**

Plaintiff's recovery for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.  TEX. CIV. PRAC. & REM. CODE § 41.0105.

**Defense 17.**

Pursuant to Texas state law, the United States is entitled to set-off, contribution, credit, etc. for any amounts paid by any settling defendant or non-party who could have been named as a defendant in this cause of action.

**Defense 18.**

Plaintiff may not recover more than the amount claimed in the administrative claim pursuant to 28 U.S.C. § 2675(b).

**Defense 19.**

To the extent Plaintiff requests equitable relief, not monetary damages, such relief is not cognizable under the FTCA. 28 U.S.C. § 1346(b)(1).

**Defense 20.**

Plaintiff is not entitled to pre-judgment interest or punitive damages against the United States pursuant to 28 U.S.C. § 2674.

**Defense 21.**

Plaintiff is not entitled to an award of costs, except as provided by 28 U.S.C. § 2412.

**Defense 22.**

Plaintiff's recovery, if any, is barred or limited by the provisions of the Texas law on comparative negligence.

**Defense 23.**

Plaintiff's injuries, damages, and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of Plaintiff.

**Defense 24.**

Negligent acts or omissions by federal employees did not cause the injuries and damages alleged by Plaintiff, and therefore he cannot recover for same against Defendant United States.

**Defense 25.**

Defendant, through its agents, servants, and employees, acted with due care and diligence at all times and violated no legal duty to Plaintiff.

**Defense 26.**

Defendant, United States of America's liability, if any, should be reduced in proportion with its percentage of responsibility, if any.

**Defense 27.**

Plaintiff has failed to mitigate his damages, and thus his recovery, if any, should be reduced accordingly.

**Defense 28.**

Defendant, United States of America is not liable for Plaintiff's alleged injuries to the extent that another actor and actors had the last clear chance of avoiding the alleged injuries.

**Defense 29**

Plaintiff is limited in his recovery, if any, by the limitations imposed by applicable state or Fifth Circuit law limiting the amount of recovery available, to the extent that it is not inconsistent with the Federal Tort Claims Act.

**Defense 30.**

Plaintiff's injuries were proximately caused or aggravated, in whole or in part, by Plaintiff's own negligent acts or omissions. Accordingly, Plaintiff is not entitled to any recovery, or alternatively, Plaintiff's alleged damages must be reduced proportionately.

**Defense 31.**

Plaintiff is not entitled to a jury trial determination of the liability of the United States. Federal Tort Claims Act liability is determined exclusively by the Court as the trier of fact of both liability and damages.  28 U.S.C. § 2402.

**Defense 32.**

Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount, if any, against Defendant United States more than that set forth in the claim presented to the United States Postal Service.

**Defense 33.**

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount of prejudgment interest against the United States of America.

**Defense 34.**

Plaintiff is not entitled to an award of costs except as provided for by 28 U.S.C. § 2412.

**Defense 35.**

Plaintiff is not permitted to recover a separate award for attorney's fees from the United States, and Plaintiff's attorney compensation is limited to 25% of the overall judgment, if any, against the United States. 28 U.S.C. § 2412(d)(1)(A).

**Defense 36.**

If Plaintiff is awarded any damages pertaining to past medical expenses, he may only recover the amount of medical expenses actually paid or incurred. Texas Civil Practice & Remedies Code § 41.0105.

**Defense 37.**

The United States claims all offsets and/or credits to which it may be entitled because of its provision of services or payments of benefits or expenses to Plaintiffs through

Medicare, Medicaid, Social Security Administration, or any other Agency of the United States of America.

**Defense 38.**

Plaintiff's relief, if any, is barred or limited by federal statute and state law theories of comparative responsibility, contribution, and/or settlement credits. *See, e.g.*, 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 *et seq.* and 33.001 *et seq.*

**Defense 39.**

Defendant United States hereby specifically reserves the right to assert all other defenses, not currently known, which it may have or through discovery learn may be applicable.

## PRAYER FOR RELIEF

Having fully answered Plaintiff's complaint, the United States respectfully requests that judgment be granted in its favor, dismissing Plaintiff's complaint with prejudice, with Plaintiff to bear the costs of defending this litigation. The United States moves this Court to award them costs incurred herein, and for such other relief to which the United States is justly entitled.

Respectfully Submitted,

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
    Ariel N. Wiley
    Assistant United States Attorney
    Texas Bar No. 24093366
    Federal ID No. 2554283
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9000
    Facsimile: (713) 718-3303
    Email: ariel.wiley@usdoj.gov

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF WORD COUNT

I certify this filing contains 1856 words.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 28, 2026, the foregoing pleading was filed with the Court through the

Court's CM/ECF system on all parties and counsel registered with the Court CM/ECF system.

/s/ *Ariel N. Wiley*
Ariel N. Wiley
Assistant United States Attorney